Filed 12/29/22  P. v. Stevenson CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | F081656 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. CF02671870) |
| DARRYL STEVENSON, JR., | **OPINION** |
| Defendant and Appellant. | |

## THE COURT[*]

APPEAL from an order of the Superior Court of Fresno County.  Jonathan B. Conklin, Judge.

Robert L. Hernandez, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Eric L. Christoffersen and Jennifer M. Poe, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]    Before Levy, Acting P. J., Poochigian, J. and DeSantos, J.

Defendant Darryl Stevenson, Jr., appeals the trial court's order denying his petition pursuant to Penal Code section 1170.95,[1] seeking the vacatur of his conviction for second degree murder and resentencing. Our review of the record and recent changes in the law on this issue lead us to conclude this matter must be reversed and remanded for further proceedings below.

## BACKGROUND

In April 2002, defendant drove John Shepheard to a location where Shepheard immediately engaged in a fight with Burnest Williams. After watching the fight for a while, defendant retrieved a handgun from a truck and pointed it at the head of K.R. K.R. alerted Williams that defendant had a gun. The fighting stopped, and Shepheard told defendant to put the gun down as he only wanted to fist fight. After defendant returned the gun to the truck, Williams started to fight with defendant. At this point, Shepheard retrieved the gun from the truck and fired two shots into the air, telling the crowd to "back up." Defendant and Shepheard then returned to the truck. As soon as defendant started the truck, he turned it around, jumped a curb, and started driving toward Williams and K.R. While K.R. was hit, he was able to run away. Williams, however, was pinned under the truck. Shepheard then reached out of the passenger side window with a gun and shot Williams four or five times. Williams died from the gunshot wounds.

In January 2003, defendant was convicted of second degree murder after the jury was given an instruction utilizing the "natural and probable consequences" doctrine. Defendant was eventually sentenced to 15 years to life for the second degree murder conviction and an additional year for a firearm enhancement, which would run consecutive to the main term.

---

[1]     All further statutory references are to the Penal Code.

In 2019, defendant filed a petition with the trial court pursuant to section 1170.95 after legislative changes made it possible to challenge his conviction for second degree murder. After finding a prima facie case had been made on the petition, the trial court set the matter for an order to show cause (OSC) hearing, as contemplated by the statute.

The OSC hearing was held on August 24, 2020. No new evidence was presented during the hearing, focusing instead on arguments made by both the People and defendant's counsel. The trial court stated it had reviewed the entire transcript of defendant's previous trial with the understanding that any findings he made in this proceeding could no longer include the concept of the "natural and probable consequences doctrine." The court noted, however, that the People still had the opportunity to present evidence "to a standard of beyond a reasonable doubt the defendant could be found guilty in another way in this case as a direct aider and abettor." The court further indicated this was not a felony-murder case and the People had to show defendant was a direct aider and abettor.

During this evidentiary hearing, the trial court continued to recognize that the evidence had to establish defendant was guilty beyond a reasonable doubt. At one point, the court stated:

> "I know I keep coming back to this. But, again, I view the role of the judge to be is there evidence in the record beyond a reasonable doubt?"

At the end of the hearing, however, the trial court specifically stated:

> "[T]here is evidence from within the record *that the jury could conclude* beyond a reasonable doubt that [defendant] aided and abetted Mr. Shephe[a]rd with the specific intent that Mr. Shephe[a]rd kill the victim as was alleged. And, therefore, the petition is denied." (Italics added.)

## DISCUSSION

The specific question we address is whether the trial court applied the correct standard when making its findings at the end of the evidentiary hearing. To resolve this question, we must consider how the applicable law on this issue has evolved.

## I.    The Trial Court Was Required to Act as an Independent Fact Finder

### A.    Standard of Review

On September 30, 2018, the Governor signed Senate Bill No. 1437 (2017–2018 Reg. Sess.) (Senate Bill 1437), amending the felony-murder rule and specifically, the rejection of the natural and probable consequences doctrine when considering a charge of murder. The Legislature's goal in making this change was "to ensure that murder liability [was] not imposed on a person who [was] not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1(f).) To make this happen, Senate Bill 1437 amended section 188 (defining malice) and section 189 (defining degrees of murder), to address felony-murder liability. It also added section 1170.95, now section 1172.6,[2] which provides a procedure by which those convicted of murder can seek retroactive relief if the changes in the law could impact their previously sustained convictions. (Stats. 2018, ch. 1015, §§ 2–4.)

Initially, section 1170.95 permitted those who were "convicted of felony murder or murder under a natural and probable consequences theory [to] file a petition with the court that sentenced the petitioner to have the petitioner's murder conviction vacated and to be resentenced on any remaining counts …." (Stats. 2018, ch. 1015, § 4(a).) In Senate Bill No. 775 (2021–2022 Reg. Sess.) (Senate Bill 775), effective January 1, 2022, the Legislature amended the language of this section to expand the scope of the petitioning

---

[2]    Effective June 30, 2022, section 1170.95 was renumbered section 1172.6, with no change in text. (Stats. 2022, ch. 58, § 10.)

procedure, in part, by expressly permitting persons convicted of murder or attempted murder under the natural and probable consequences doctrine to petition for relief. (Stats. 2021, ch. 551, § 2.) As a result, under the amended statute, a petition may now be filed under section 1172.6 where all three of the following conditions are met:

> "(1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder, murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, or attempted murder under the natural and probable consequences doctrine[;]

> "(2) The petitioner was convicted of murder, attempted murder, or manslaughter following a trial or accepted a plea offer in lieu of a trial at which the petitioner could have been convicted of murder or attempted murder[; and]

> "(3) The petitioner could not presently be convicted of murder or attempted murder because of changes to Section 188 or 189 made effective January 1, 2019." (§ 1172.6, subd. (a)(1)–(3).)

Of significance to this case, Senate Bill 775 further amended section 1172.6 by adding language stating, "[a]t the hearing to determine whether the petitioner is entitled to relief, the burden of proof shall be on the prosecution to prove, beyond a reasonable doubt, that the petitioner is guilty of murder or attempted murder under California law as amended by the changes to Section 188 or 189 made effective January 1, 2019." (§ 1172.6, subd. (d)(3).) A finding that there is substantial evidence to support a conviction for murder "is insufficient to prove, beyond a reasonable doubt, that the petitioner is ineligible for resentencing." (*Ibid*.)

The question of what standard is applicable during a section 1172.6 evidentiary hearing has become clearer not only because of this change in the language, but also because of recent activity by our Supreme Court. Most appellate courts concluded the trial court should act as an independent fact finder and determine whether the defendant

is guilty of murder beyond a reasonable doubt.[3]  In contrast, in *People v. Duke*, the Second District Court of Appeal held the prosecution just had to prove "beyond a reasonable doubt that the defendant *could* still have been convicted of murder under the new law … essentially identical to the standard of substantial evidence .…"  (*People v. Duke* (Sept. 28, 2020) B300430, review granted Jan. 13, 2021, opn. ordered nonpub. Nov. 23, 2021, S265309.)  The Supreme Court granted review in *Duke* to consider whether:

> "the People [can] meet their burden of establishing a petitioner's ineligibility for resentencing under … section [1172.6], subdivision (d)(3) by presenting substantial evidence of the petitioner's liability for murder under … sections 188 and 189 as amended by Senate Bill No. 1437 (Stats. 2018, ch. 1015), or must the People prove every element of liability for murder under the amended statutes beyond a reasonable doubt?"  (*People v. Duke*, *supra*, review granted Jan. 13, 2021, opn. ordered nonpub. Nov. 23, 2021, S265309.)

In November 2021, the Supreme Court transferred *Duke* back to the Second District Court of Appeal "with directions to vacate its decision and reconsider the cause in light of Senate Bill No. 775 (Stats. 2021, ch. 551)."  As a result of the Supreme Court's vacation of *Duke* and the Legislature's recent amendment to section 1172.6, there is now general agreement the trial court must act as an independent fact finder and determine beyond a reasonable doubt whether the defendant is guilty of murder under a valid theory of murder.  (*People v. Garrison* (2021) 73 Cal.App.5th 735, 745, fn. omitted.)

---

[3]    The Supreme Court has vacated and remanded for further reconsideration in light of Senate Bill 775 the following cases:  *People v. Fortman* (2021) 64 Cal.App.5th 217, review granted July 21, 2021, S269228; *People v. Clements* (2021) 60 Cal.App.5th 597, review granted April 28, 2021, S267624; *People v. Rodriguez* (2020) 58 Cal.App.5th 227, review granted March 10, 2021, S266652; *People v. Lopez* (2020) 56 Cal.App.5th 936, review granted February 10, 2021, S265974.

**B.     Application**

The trial court here appears to have used a standard of review that comes close to the standard the trial court used in the *Duke* case.  While the court recognized the importance of finding evidence that a jury could rely on to find defendant guilty beyond a reasonable doubt of second degree murder as an aider and abettor, there is no clear indication in the record that the court understood its duty was to act as an independent fact finder.  The trial court's repeated references to evidence the jury could have relied on to find defendant guilty beyond a reasonable doubt suggest the court concluded defendant could be found guilty of second degree murder under the new legal standard, as opposed to concluding the People proved beyond a reasonable doubt defendant was guilty of second degree murder.  In fact, the language used by the trial court could be seen as consistent with the approach taken in *Duke*, which utilized a test that was similar to a substantial evidence standard of review.[4]

## DISPOSITION

We reverse the order denying the petition for resentencing and remand the matter to the trial court for a new section 1172.6, subdivision (d)(3) hearing applying the correct standard of review under the new law.

---

[4]     The People have conceded this point in their responsive brief.